UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

          Plaintiff,

v.

REMENTA WILSON, et al.,

          Defendants.

                                           /

Case No. 2:23-cv-11267

HONORABLE STEPHEN J. MURPHY, III

## ORDER DENYING MOTION
## FOR A TEMPORARY RESTRAINING ORDER [1]

Plaintiff Michael Garrison alleged that Defendants violated his rights under the First, Fifth, and Fourteenth Amendments, the Privileges and Immunities Clause in Article IV, and the Michigan Constitution. ECF 1, PgID 5–6. Plaintiff alleged that he tried to file a notice of appeal of an adverse civil judgment entered against him in State court. *Id.* at 2. But, he claimed, the clerks of the Wayne County Circuit Court "repeatedly rejected [his notice of appeal] for false reasons which were not even true." *Id.* at 4. Plaintiff argued that Defendants' refusal to accept and docket his filings "denied [him] his [f]ederal [c]onstitutional right of access to the courts." *Id.* at 5. Before he served Defendants, Plaintiff "requested that the Honorable Court enter a temporary restraining order and preliminary injunction ordering the Defendants to immediately cease violating [] Plaintiff's Constitutional rights." *Id.* at 6 (alterations omitted).

1

Under Federal Rule of Civil Procedure 65(a)(1), "[t]he [C]ourt may issue a preliminary injunction only on notice to the adverse party." In contrast, "[t]he [C]ourt may issue a temporary restraining order without written or oral notice to the adverse party" if: (1) the moving party sets forth "specific facts in an affidavit or verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Nothing on the docket shows that Plaintiff gave Defendants notice of his request for a preliminary injunction. And Plaintiff did not certify in writing whether he tried to give Defendants notice of his request for a temporary restraining order or why notice of his request should not be required. Because Plaintiff did not follow the requirements of Rule 65, the extraordinary relief of a preliminary injunction or a temporary restraining order is unwarranted. *See Simmons v. City of Southfield*, No. 19-11726, 2020 WL 1868774, at *6 (E.D. Mich. Jan. 27, 2020), *report and recommendation adopted*, No. 19-11726, 2020 WL 1866096 (E.D. Mich. Apr. 14, 2020) (finding that a plaintiff's "motions [for a preliminary injunction and a temporary restraining order] are improper because she did not certify attempts at service or explain why notice of the motion should be dispensed with."). The Court will therefore deny the motion.

**WHEREFORE**, it is hereby **ORDERED** that the motion for a preliminary injunction or temporary restraining order [1] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: June 6, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 6, 2023, by electronic and/or ordinary mail.

s/ Amanda Chubb<br>
Case Manager